# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2476

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Joseph H. Brown, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 9, 2011
Filed: June 30, 2011

_____

Before MELLOY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Joseph H. Brown appeals from the judgment of the District Court[1] revoking his supervised release, specifically, the revocation sentence imposed. We affirm.

A jury convicted Brown of cocaine-distribution charges in November 1991. In 1992, he was sentenced to concurrent terms of 262, 240, and 240 months of imprisonment and to concurrent mandatory minimum supervised-release terms of sixty, thirty-six, and thirty-six months. In July 2009, Brown was released from prison,

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

and in March 2010, he was charged with violating his supervised release. The District Court found two violations and revoked Brown's supervised release. Without objection, the court sentenced Brown to ninety days' incarceration (with credit for sixty days' time served), to be followed by the original concurrent terms of supervised release—sixty months, thirty-six months, and thirty-six months—with the first four months of release served on home detention. The court also imposed modified special conditions on Brown's supervised release.

On appeal, Brown first argues that because he was originally sentenced in 1992, before the 1994 enactment of amendments to the statute governing terms of supervised release, his revocation sentence together with the new term of supervised release cannot exceed the original term of supervised release. Brown's revocation sentence exceeds that term by ninety days. Because Brown did not raise this procedural error at the revocation hearing, we review for plain error. See United States v. Molnar, 590 F.3d 912, 914 (8th Cir. 2010); see also United States v. Miller, 557 F.3d 919, 922 (8th Cir. 2009) ("We review a district court's revocation sentencing decisions using the same standards that we apply to initial sentencing decisions."). To be entitled to relief, Brown must show that the error is plain and prejudicial, that is, he must establish "a reasonable probability that he would have received a lighter sentence but for the error." Molnar, 590 F.3d at 915.

Since 1994, a court upon revocation may impose a new term of supervised release if that term does not exceed the statutory maximum for the original supervised release, less any additional prison time imposed. See 18 U.S.C. § 3583(h) (2006). But § 3583(h) is not retroactive, so for someone like Brown, who was sentenced before 1994, the former 18 U.S.C. § 3583(e)(3) "limits the possible prison term [upon revocation] to the duration of the term of supervised release originally imposed," regardless of the statutory maximum. Johnson v. United States, 529 U.S. 694, 712 (2000). That is, in Brown's case, the term of incarceration plus the new term of supervised release should not have exceeded the originally imposed supervised-release

term of sixty months. The District Court appears to have plainly erred in sentencing Brown to ninety days' incarceration plus a full sixty months of supervised release. But Brown still must show a reasonable probability that he would have received a more favorable sentence before we can grant him relief.

Under § 3583(e)(2), the sentencing court could before 1994 (and still may) extend a defendant's term of supervised release if less than the maximum term—which was life, in Brown's case—was originally imposed. The Court in Johnson made this observation regarding pre-1994 revocations: "If less than the maximum [term of supervised release] has been imposed, a court presumably may, before revoking the term, extend it pursuant to § 3583(e)(2); this would allow the term of imprisonment to equal the term of supervised release authorized for the initial offense." Id. The transcript in this case does not indicate that the court followed this workaround when sentencing Brown to more than sixty months upon revocation. In other words, the court did not extend Brown's supervised release by at least ninety days and *then* revoke his supervised release, before imposing the revocation sentence. But Brown did not object, so the court had no opportunity to correct its error by following the Supreme Court's dicta in Johnson. Brown points to nothing in the record indicating that the court would have imposed a revocation sentence of ninety days in prison and fifty-seven months (sixty months less ninety days) of supervised release, when it otherwise could have followed the dicta in Johnson to impose the sentence it did, including a full sixty months of supervised release following the incarceration. Where, as here, we would have to speculate as to the effect of the error on Brown's revocation sentence, he has not met his burden to show that he was prejudiced. See United States v. Pirani, 406 F.3d 543, 553 (8th Cir.) (en banc), cert. denied, 546 U.S. 909 (2005).[2]

---

[2]Counsel also contends, in an argument made pursuant to Anders v. California, 386 U.S. 738 (1967), that the District Court did not have authority to impose *any* term of supervised release following revocation of the term being served. This contention is without merit. See United States v. Johnson, 529 U.S. 694, 712–13 (2000).

Finally, Brown argues that the modified special conditions of supervised release constitute error. Although he challenged some of the special conditions in general terms in his opening brief, he made his specific legal arguments only in his reply brief. As to the special condition imposing a curfew on Brown for the duration of his supervised release, he contends that he "believed that the curfew was to be imposed for the term of the home confinement period and not then [sic] entire period of supervision," and only when he saw the written judgment did he realize the curfew was imposed for sixty months. Reply Br. of Appellant at 5. But the hearing transcript is clear, and the language used by the court is nearly identical to that found in the judgment. The court said, "[Y]ou will remain at your residence from the hours of 10:00 PM to 6:00 AM *for your term of supervision . . . .*" Tr. of Revocation Hr'g at 13 (emphasis added). The judgment read, "Defendant shall be at his place of residence between the hours of 10:00 p.m. and 6:00 a.m. (Curfew) *for the term of supervision . . . .*" Judgment at 4 (emphasis added). Assuming that Brown means to challenge the substantive reasonableness of this special condition, we see no abuse of discretion. See Gall v. United States, 552 U.S. 38, 51 (2007) (standard of review). The statute in effect when Brown was originally sentenced clearly provided for modifying conditions of supervised release upon revocation and specifically allowed for this particular condition. See 18 U.S.C. § 3583(e)(3), (4) (Supp. IV 1992).

As to the "special conditions" generally, Brown argues that the District Court failed to consider the relevant 18 U.S.C. § 3553(a) sentencing factors. Reply Br. of Appellant at 7. Brown did not raise this allegation of procedural error at the revocation hearing, so again, we review only for plain error. The court clearly stated that it imposed the sentence, which would include the special conditions, "considering the factors under 18 U.S.C. 3553." Tr. of Revocation Hr'g at 14. Brown has given us no reason to believe that the revoking court, which was also the original sentencing court, did not do so, notwithstanding the court's failure to enumerate the factors at the hearing. See United States v. Perkins, 526 F.3d 1107, 1110–11 (8th Cir. 2008). There was no error, much less plain error.

The judgment of the District Court is affirmed.

_____