# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2488

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Jason Golden, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 16, 2011
Filed: February 28, 2012

_____

Before SMITH, COLLOTON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Jason Golden pleaded guilty to possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The district court[1] sentenced him to 89 months' imprisonment. Golden appeals his sentence, and we affirm.

After Golden pleaded guilty, the probation office recommended an advisory sentencing guideline range of 100 to 120 months' imprisonment, based on an offense level of 25 and criminal history category V. Golden objected that the probation office

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

improperly assessed a criminal history point for three misdemeanor convictions arising out of the same arrest in February 2004. He urged that without this point, he should be placed in criminal history category IV, and that the advisory guideline range should be only 84 to 105 months. The district court overruled the objection, departed downward from the advisory guideline range on other grounds, and sentenced Golden to 89 months' imprisonment. Golden appeals based on the calculation of his criminal history score.

The three misdemeanor convictions at issue arose from a traffic stop in Ohio. Golden was arrested for driving on a suspended license, in violation of Ohio Rev. Code Ann. § 4510.11, and for drug abuse and possession of drug paraphernalia, in violation of Ohio Rev. Code Ann. §§ 2925.11 and .14. The Ohio court sentenced Golden to three days in jail for the driving offense, and imposed a fine for each of the two drug-related offenses. PSR ¶ 50.

Golden's argument against the district court's scoring proceeds as follows: He received three "prior sentences" in February 2004 within the meaning of USSG § 4A1.2(a)(1). These three sentences should be counted "as a single sentence," because they were imposed on the same day. *Id*. § 4A1.2(a)(2). For purposes of determining the number of criminal history points assessed pursuant to § 4A1.1(a), (b), and (c), if prior sentences are counted as a single sentence, the court should use "the longest sentence of imprisonment if concurrent sentences were imposed." *Id*. § 4A1.2(a)(2). The "longest sentence of imprisonment" among the three prior sentences was the three days in jail imposed for the driving offense. But criminal history points cannot be assessed for the three-day jail sentence, because it resulted from an uncounseled misdemeanor conviction. *See United States v. Stapleton*, 316 F.3d 754, 756 (8th Cir. 2003). Therefore, because the court is directed to use "the longest sentence of imprisonment" to determine the number of points, and no points can be assessed for that prior sentence, the court should assess no criminal history points at all for the three convictions.

We disagree with Golden's argument, because the prior sentence for driving under a suspended license is not counted at all in calculating his criminal history score. Section 4A1.2(c) of the guidelines, entitled "Sentences Counted and Excluded," provides that sentences for driving with a suspended license "are counted only if" the sentence was a term of imprisonment of at least thirty days or a term of probation of more than one year, or where the instant offense is similar to the prior offense. None of those criteria applies here, so the prior sentence is excluded from the scoring process.

As Golden notes, the guidelines provide that "for purposes of applying § 4A1.1(a), (b), and (c), if prior sentences are counted as a single sentence, use the longest sentence of imprisonment if concurrent sentences were imposed." USSG § 4A1.2(a)(2). Considering the provisions of § 4A1.2 as a whole, we think it evident that a sentence that is excluded from consideration by § 4A1.2(c) is not a sentence that the court can "use" for purposes of applying § 4A1.1. *Accord United States v. Soto-Racanac*, No. 99-10296, 2000 WL 890728 (9th Cir. July 5, 2000) (unpublished). There is no "grievous ambiguity or uncertainty" in the guidelines, *see Muscarello v. United States*, 524 U.S. 125, 138-139 (1998) (internal quotation omitted), and we thus reject Golden's contention that the rule of lenity requires us to adopt his interpretation.

With the sentence for the driving offense excluded from consideration, the district court was left with the sentences imposed for possession of drug paraphernalia and drug abuse, respectively. The district court properly treated these prior sentences as a single sentence under § 4A1.2(a)(2), and correctly scored one criminal history point under § 4A1.1(c) for a prior uncounseled misdemeanor that resulted in no jail time. *See* USSG § 4A1.2, comment. (backg'd.). There was thus no procedural error in calculating Golden's sentence.

The judgment of the district court is affirmed.

_____