# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2586
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Joseph H. Brown, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 13, 2012
Filed: May 3, 2012
_____

Before WOLLMAN, LOKEN, and MELLOY, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Upon Joseph H. Brown's second revocation of his supervised release, the district court[1] sentenced him to 90 days' imprisonment to be followed by 57 months' supervised release. Brown contends this sentence exceeds the maximum term of supervised release set forth in 21 U.S.C. § 3583(b). We affirm.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

I.

In 1992, Brown was convicted of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count One); aiding and abetting the distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2 (Counts Two and Five). The district court sentenced Brown to 262 months' imprisonment on Count One and 240 months' imprisonment on Counts Two and Five. The court also sentenced Brown to 60 months' supervised release on Count One and 36 months' supervised release on Counts Two and Five, to run concurrently.

Brown was released from prison in 2009. On May 12, 2010, the district court revoked Brown's supervised release, sentencing him to 90 days' imprisonment, followed by a new 60-month term of supervised release. Brown appealed the district court's determination, arguing that 18 U.S.C. § 3583 precluded the district court from imposing a new term of supervised release longer than four years and nine months. We affirmed the district court's decision in United States v. Brown, 428 Fed. Appx. 664 (8th Cir. 2011) (unpublished) (per curiam). We concluded that the district court "plainly erred in sentencing Brown to ninety days' incarceration plus a fully sixty months of supervised release[]" but that Brown had not met his burden to show that he was prejudiced by the error because the district court could have imposed the same sentence without error by extending Brown's supervised release at least 90 days and then revoking it. Id. at 666 (citing Johnson v. United States, 529 U.S. 694, 712 (2000)).

After being released from his 90-day sentence, Brown again violated the terms of his supervised release. The district court sentenced him to another term of 90 days' imprisonment, followed by a new 57-month term of supervised release. Brown did not object to the sentence. On appeal, Brown contends that the district court erred in extending his supervised release term beyond the five years set forth in 18 U.S.C.

§ 3583(b). Brown also argues that the district court erred by deducting only one of the two 90-day terms of imprisonment from his supervised release.

## II.

Because Brown did not object to the district court's sentence at the time of sentencing, we review only for plain error. See United States v. Simons, 614 F.3d 475, 478-79 (8th Cir. 2010). "Plain error occurs if the district court deviates from a legal rule, the error is clear under current law, and the error affects the defendant's substantial rights." Id. at 479. Even if plain error is shown, we will not reverse unless the error "also seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id.

Brown contends that the district court erred in extending the length of his supervised release beyond the five-year period set forth in 18 U.S.C. § 3583(b)(1), which provides: "Except as otherwise provided, the authorized terms of supervised release are for a Class A or Class B felony, not more than five years." In United States v. LeMay, we held that the phrase "except as otherwise provided" in § 3583(b) eliminates conflict with statutes authorizing terms of supervised release in excess of the terms set forth in § 3583(b). 952 F.2d 995, 998 (8th Cir. 1991) (per curiam). Brown was convicted of violating 21 U.S.C. § 841, a statute which authorizes supervised release terms exceeding five years. 21 U.S.C. § 841(b)(1)(A) (requiring "a term of supervised release of at least 5 years"). In essence, the terms of the relevant sentencing statute, § 841, trump the general terms of supervised release provided in § 3583(b).[2]

---

[2]Brown also argues that the rule of lenity should apply. Because we find no ambiguity in the construction of 18 U.S.C. § 3583(b) with 21 U.S.C. § 841 in determining the maximum length of supervised release, the rule of lenity does not apply to his case. See United States v. Golden, 669 F.3d 901, 903 (8th Cir. 2012).

Brown argues that we should not follow LeMay and should instead follow United States v. Hernandez, 436 F.3d 851 (8th Cir. 2006), which arguably conflicts with LeMay. We are not free to choose between panel opinions, however, and to the extent the cases are in actual conflict, LeMay controls. See Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (holding that when panel opinions conflict, the earliest controls).

Furthermore, the district court did not err in deducting only the 90-day term of imprisonment imposed in Brown's second revocation from his term of supervised release. The issue of deducting the 90-day term of imprisonment imposed in Brown's first revocation was decided in Brown's first appeal, and thus the law of the case doctrine applies to this proceeding. "When an appellate court remands a case to the district court, all issues decided by the appellate court become the law of the case, and the district court on remand must 'adhere to any limitations imposed on its function . . . by the appellate court.'" United States v. Wisecarver, 644 F.3d 764, 770 (8th Cir. 2011) (alteration in original) (quoting United States v. Castellanos, 608 F.3d 1010, 1016 (8th Cir. 2010)). Accordingly, the district court did not plainly err in sentencing Brown to 57 months' supervised release to follow his 90-day term of imprisonment.

III.

The sentence is affirmed.

_____