**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Randolph Edgar DAVENPORT,**
**Defendant–Appellant.**

No. 88–5661.

United States Court of Appeals,
Fourth Circuit.

Argued May 8, 1989.

Decided Aug. 28, 1989.

Steven Norris Askin (Askin, Pill, Scales & Burke, L.C. on brief), for defendant-appellant.

Thomas Oliver Mucklow, Asst. U.S. Atty. (William A. Kolibash, U.S. Atty., on brief), for plaintiff-appellee.

Before ERVIN, Chief Circuit Judge, CHAPMAN, Circuit Judge, and

KAUFMAN,* Senior United States District Judge for the District of Maryland, sitting by designation.

CHAPMAN, Circuit Judge:

Randolph Davenport entered a plea of guilty to one count of a ten count indictment. His plea was to Count 8, which charged violation of 21 U.S.C. 841(a)(1) and 845a(a), by distributing 0.9 grams of "crack" within 1,000 feet of the real property comprising a public elementary school. This violation occurred on March 17, 1988, and the district court applied the Sentencing Guidelines in setting an appropriate sentence. In determining the sentence, the court used appellant's conviction of March 27, 1973 in the Criminal Court of Baltimore as a factor in computing his Criminal History Category. On appeal Davenport challenges the constitutionality of the Sentencing Guidelines and claims that his prior state court conviction may not be used to enhance his present sentence when there is no evidence that he made a valid waiver of his right to a jury trial in the state proceeding. In effect he claims that the government has the burden of proof when a defendant challenges the constitutionality of a prior sentence. We find no merit to these exceptions, and we affirm.

I

■ In attacking the constitutionality of the Sentencing Guidelines appellant makes three claims: (1) that the Sentencing Guidelines are a result of an excessive and impermissible delegation of legislative power by the Congress, (2) that the Sentencing Reform Act violates the separation of powers doctrine, and (3) that the Sentencing Guidelines violate due process because of the appointment and removal power of the President over the members of the United States Sentencing Commission and this denies the appellant the opportunity to be sentenced by a neutral authority, and the Sentencing Guidelines are so restrictive as to do away with the sentencing judge's discretion and consideration of the circumstances of the individual defendant.

On January 12, 1989, the United States Supreme Court decided *Mistretta v. United States*, — U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) and held that the Sentencing Reform Act did not violate either the non-delegation doctrine or the separation of powers principle. The court did not address the due process issue in *Mistretta*, but we held in *United States v. Bolding*, 876 F.2d 21 (4th Cir.1989), "However, it is clear that the due process issue cannot survive the Supreme Court's determination that the Guidelines were promulgated in a constitutionally proper manner." There is no need for us to add anything to what is said in *Bolding*.

II

■ Davenport argues that the sentencing court may not use a prior Maryland conviction to enhance his sentence under the Guidelines in finding him a career offender under Section 4B1.1, because there is no evidence on the record to show a valid waiver of his right to a jury trial. At his federal sentencing on September 29, 1988, he testified that his 1973 Maryland conviction resulted from a bench trial on two counts of assault and one count of being a rogue and vagabond and that one of the assault counts had been reversed on appeal. He claims that the Maryland court records do not indicate that he was properly advised of his right to a jury trial by the court addressing him in person, and the records do not reflect that he waived this constitutional right. Section 4B1.1 of the Guidelines provides:

*Career Offender.*

A defendant is a career offender if (1) the defendant was at least eighteen

---

* Judge Kaufman took no part in consideration of the attack by the appellant upon the constitutionality of the Sentencing Guidelines or in connection with the preparation of this opinion with regard to that issue. At oral argument the parties consented to the constitutional issue being decided by Judges Ervin and Chapman.

Judge Kaufman's action was prompted by his participation in *United States v. Bolding* in which the District Court of Maryland, sitting en banc, decided that the Sentencing Guidelines were unconstitutional. Subsequent to oral argument in the present case, *Bolding* was reversed. *See* 876 F.2d 21.

years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's criminal history category in every case shall be Category VI.

Applying this section the sentencing court found that Davenport met the three conditions set forth therein and that he was a career criminal, and imposed a sentence of 22 years of confinement. His sentence was enhanced as provided by the Guidelines. Davenport admits (1) that he was over 18 years of age at the time of his instant offense, and (2) that his present offense is a felony involving a controlled substance. His attack on the court's findings is directed to the third element—the two prior felony convictions either of a crime of violence or a controlled substance offense. He does not contest a prior felony conviction in West Virginia for armed robbery in 1979, but he claims that his 1973 Maryland conviction may not be used because the record of this conviction does not show that he knowingly waived his right to a trial by jury. He testified at the sentencing hearing on this federal conviction that he was never questioned by the Maryland judge as to whether he wished to waive his right to a jury trial. He also argues that the United States has the burden of proving that this prior conviction was constitutionally valid. As support, he cites Maryland Rule 4–246(b), *Bell v. State*, 503 A.2d 1351 (Md. App.1986) and *Martinez v. State*, 522 A.2d 950 (Md.1987). Maryland Rule 4–246(b) provides:

(b) Procedure for Acceptance of Waiver.—

A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until it determines, after an examination of the defendant on the record in open court conducted by the court, that the State's Attorney, the attorney for the defendant, or any combination thereof, the waiver is made knowingly and voluntarily.

This rule did not come into effect until July 1, 1984. It is modeled on the prior Maryland rule 735(d), which it replaced. Rule 735(d) was not in effect at the time of appellant's 1973 trial. The applicable Maryland Rule at that time was 741 which did not require the court to make any inquiry of a defendant personally as to his waiver of a jury trial but provided that an election of a nonjury trial be made by a defendant in open court when first called upon to plead after he had secured the representation of counsel. *Bell* and *Martinez* are not applicable because they interpret the more recent rules. When the defendant raised the issue of the invalidity of his prior Maryland conviction, the court recessed the sentencing hearing and allowed Davenport four weeks to marshal his evidence that there had not been a valid waiver of his right to a trial by jury. At the second hearing defendant testified that his attorney, in his presence, advised the court that he did not wish a jury trial. At the time of his 1973 trial there was no requirement that the court make any inquiry of the defendant about his election as to the mode of trial. *See Williamson v. State*, 25 Md. App. 338, 333 A.2d 653 (1975).

Commentary, Application Note 6 to Section 4A1.2 provides:

*Invalid Convictions*

Sentences resulting from convictions that have been reversed or vacated because of errors of law, or because of subsequently-discovered evidence exonerating the defendant, are not to be counted. Any other sentence resulting in a valid conviction is to be counted in the criminal history score. *Convictions which the defendant shows to have been constitutionally invalid may not be counted in the criminal history score.* Also, if to count an uncounseled misdemeanor conviction would result in the imposition of a sentence of imprisonment under circumstances that would violate the United

States Constitution, then such convictions shall not be counted in the criminal history score. Nonetheless, any conviction that is not counted in the criminal history score may be considered pursuant to 4A1.3 if it provides reliable evidence of past criminal activity.

(Emphasis added)

This Note is applicable in determining career offenders status under 4B1.1, and it is clear from the plain language that the defendant has the burden of showing that a prior conviction is constitutionally invalid. On the present record the defendant actually proved that his 1973 conviction was valid since he testified that his right to a jury trial was waived by his attorney in open court and in his presence without any objection from him, because he took his attorney's advice to have a bench trial in the hope of receiving a lighter sentence if convicted.

AFFIRMED.