908 F.2d 968
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Horace OXENDINE, Defendant-Appellant.
 No. 89-5250.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 11, 1990.
Decided: June 26, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, Chief District Judge. (CR-89-16-3).
 James Michael Walen, Walen & McEniry, P.A., Fayetteville, North Carolina, argued for appellant.
 Robert Daniel Boyce, Assistant United States Attorney, Raleigh, N.C., argued for appellee; Margaret Person Currin, United States Attorney, Raleigh, North Carolina, on brief.
 M.D.N.C.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and BULLOCK, United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Horace Oxendine appeals the sentence imposed after conviction by a jury of 30 counts of possession of a firearm by a convicted felon, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1990), three counts of possession of an unregistered firearm, 26 U.S.C.A. Sec. 5861(d) (West 1989), one count of possession with intent to distribute two ounces of cocaine, 21 U.S.C.A. Sec. 841(a)(1) (West 1981), and one count of simple possession of marijuana, 21 U.S.C.A. Sec. 844 (West Supp.1990). He contends that a prior, uncounseled guilty plea in state court to assault should not have been used in determining that he was a career offender pursuant to 28 U.S.C.A. Sec. 994(h) (West Supp.1990). We affirm.*
 
 I.
 
 2
 The presentence report included reference to Oxendine's 1988 conviction by a North Carolina state court of assault on a female by a male at least 18 years of age. See N.C.Gen.Stat. Sec. 14-33(b)(2) (1986). Oxendine also had previously been convicted of a felony involving a controlled substance. Thus, because a controlled substance was involved here and Oxendine was 18 years or older at the time of its commission, the district court correctly determined that he was a career offender. See U.S.S.G. Sec. 4B1.1; 28 U.S.C.A. Sec. 994(h). Under section 4B1.1, Oxendine's offense level was 34 and his criminal history category VI, resulting in a sentencing guidelines range of 262-327 months. The district court imposed a sentence of 262 months imprisonment followed by six years supervised release and ordered Oxendine to pay a special assessment of $1,725.
 
 II.
 
 3
 We have previously held that "the defendant has the burden of showing that a prior conviction is constitutionally invalid." United States v. Davenport, 884 F.2d 121, 124 (4th Cir.1989). Assuming that the sentencing hearing was the proper forum for challenging his prior state conviction, Oxendine did not meet his burden of proving that the conviction was invalid.
 
 
 4
 Oxendine argues that because he is illiterate, a fact the government does not dispute, he was unable to make a voluntary, knowing, and intelligent waiver of his right to counsel as required by Boykin v. Alabama, 395 U.S. 238 (1969). We do not believe that the fact that a defendant is illiterate necessarily compels this conclusion. Oxendine offered no evidence to support his contention that the assault conviction was invalid other than the stipulated fact that he is illiterate. The government introduced a waiver of counsel form signed by Oxendine that also contained a statement signed by a state court judge certifying that he had fully informed Oxendine of the nature of the charges against him, the statutory punishment, the nature of the proceeding, and his right to counsel. The state judge also certified that Oxendine had voluntarily, knowingly, and intelligently elected to be tried without the assistance of counsel.
 
 AFFIRMED
 
 
 *
 We note that neither party raised the issue of whether a sentencing hearing conducted by a federal district court is the proper forum in which to attack the validity of a prior state conviction. Thus, we do not address this issue