916 F.2d 710
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff--Appellee,
v.
Charles Edward CURRIE, Defendant--Appellant.
 No. 90-5493.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 1, 1990.
Decided Oct. 24, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-90-1-3)
 James M. Cooper, Cooper & Davis, Fayetteville, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Jane H. Jolly, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Charles Edward Currie pled guilty to possession of crack cocaine with intent to distribute (21 U.S.C. Sec. 841) and two counts of use of a firearm in the commission of a drug trafficking crime (18 U.S.C. Sec. 924(c)). He appeals his sentence on the drug conviction and we affirm.
 
 
 2
 In determining Currie's sentence on the drug conviction, the district court classified him as a career offender as defined in Sec. 4B1.1 of the Federal Sentencing Guidelines. Currie had a prior state conviction for assault with a deadly weapon which carried a maximum penalty of two years imprisonment. He also had a prior state conviction for possession of marijuana with intent to distribute. Although Currie did not receive an active prison sentence for either of these prior offenses, they bring him within the definition of a career offender, and it was not error for the district court to consider him a career offender for sentencing purposes.
 
 
 3
 Currie's due process claim was not made at sentencing and is not properly before this Court on appeal. In any case, the government was not required to show that due process had been afforded in the state proceedings; the burden is on the defendant to show that a prior conviction is constitutionally invalid. United States v. Davenport, 884 F.2d 121 (4th Cir.1989).
 
 
 4
 Currie contends that a downward departure was warranted because his criminal record consists of minor offenses and suspended sentences. However, the district court's refusal to depart downward is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28 (4th Cir.), petition for cert. filed, --- U.S.L.W. ---- (U.S. June 7, 1990) (No. 89-1934).
 
 
 5
 Accordingly, the sentence imposed by the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.