4 F.3d 986
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Donnie Gray DURHAM, Defendant-Appellant.
 No. 93-5213.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 8, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. Norwood Carlton Tilley, Jr., District Judge. (CR-92-206-S)
 Danny T. Ferguson, Winston-Salem, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Donnie Gray Durham appeals the career offender sentence he received after his guilty plea to conspiracy to distribute cocaine, 21 U.S.C.A. Sec. 841 (West 1981 & Supp. 1993). He contends that the district court erred in finding him a career offender under guideline section 4B1.1,* and in failing to depart on the ground of overstated criminal history under section 4A1.3. We affirm in part and dismiss in part.
 
 
 2
 In 1980, at age seventeen, Durham waived counsel and entered a guilty plea in state court to charges of breaking, entering, and larceny. During his sentencing proceeding on the current charges, Durham argued that his 1980 conviction was invalid and should not be counted toward his criminal history score because he could not remember whether he had been informed that he had the right to counsel, and to have counsel appointed at state expense if he could not afford an attorney.
 
 
 3
 The probation officer produced the state record of the 1980 conviction. It included a waiver form signed by Durham and certified by the state court judge which indicated that he had been advised of all rights he was waiving, and in particular, the right to assignment of counsel. The district court found that Durham had not presented sufficient evidence to show that his waiver of counsel was not knowing and voluntary, and that the 1980 conviction was properly counted. A federal sentencing court is not obliged to entertain a defendant's constitutional challenge to a prior state court conviction which has not previously been ruled invalid unless the alleged constitutional violation is one from which prejudice can be presumed regardless of the facts of the case, and "the right asserted is so fundamental that its violation would undercut confidence in the guilt of the defendant." United States v. Byrd, F.2d, No. 92-5623, slip op. at 7 (4th Cir. June 15, 1993) (quoting United States v. Custis, 988 F.2d 1355, 1362 (4th Cir. 1993)). A complete denial of the right to counsel is an error from which prejudice may be presumed. Byrd, slip op. at 8 n.4. However, when a sentencing court entertains a challenge to a state conviction, the defendant bears the burden of showing the prior conviction's invalidity. United States v. Jones, 977 F.2d 105 (4th Cir. 1992), cert. denied, 61 U.S.L.W. 3583 (U.S. 1993); United States v. Davenport, 884 F.2d 121 (4th Cir. 1989); see also Parke v. Raley, 61 U.S.L.W. 4007 (U.S. 1992) (presumption of regularity attached to final judgments makes it proper that defendant have burden of showing invalidity). We agree with the district court that Durham's proof was insufficient to show that he did not make a valid waiver of his right to counsel.
 
 
 4
 Durham also argues that because he was under eighteen, he was unable to make a valid waiver. Under North Carolina law, however, he was charged and sentenced as an adult, and could also legally waive representation. The 1980 conviction was thus correctly counted.
 
 
 5
 The district court's decision not to depart from the guideline range is not reviewable. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 6
 The judgment of the district court is therefore affirmed, except that the appeal is dismissed to the extent it contests the failure to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART;
 
 DISMISSED IN PART
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1992)