**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

DAMON EICHELBERGER,
　　　　　*Defendant-Appellant.*

No. 02-4316

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-01-0548)

Submitted: December 17, 2002

Decided: January 9, 2003

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Damon Eichelberger pled guilty to being a felon in possession of
a firearm, 18 U.S.C. § 922(g)(1) (2000). The presentence report cal-
culated two criminal history points for an adult conviction in Balti-
more, Maryland, for the unauthorized use of a motor vehicle.
Eichelberger filed an objection to the presentence report stating the
Maryland conviction was uncounseled and therefore should not be
considered a prior sentence within the meaning of *U.S. Sentencing
Guidelines Manual* § 4A1.2 (2000), and thus should not be counted
toward his history score. The Government presented the Maryland
state court record at the sentencing hearing, including a transcript of
the guilty plea hearing. The district court found Eichelberger volun-
tarily and knowingly waived his right to counsel in the Maryland pro-
ceeding. Finding no error we affirm Eichelberger's sentence.

A defendant may collaterally challenge a prior conviction on the
ground that he was denied counsel with regard to the prior conviction,
and that the conviction is currently being used to enhance his sen-
tence. *See Custis v. United States*, 511 U.S. 485, 496 (1994); *United
States v. Bacon*, 94 F.3d 158, 159 (4th Cir. 1996). Determination of
a waiver of the right to counsel is a question of law that we review
de novo. *United States v. Singleton*, 107 F.3d 1091, 1097 n.3 (4th Cir.
1997). The defendant bears the burden of showing the prior convic-
tion's invalidity with state court records or corroborating testimony
from disinterested witnesses. *See United States v. Jones*, 977 F.2d
105, 109 (4th Cir. 1992); *United States v. Davenport*, 884 F.2d 121,
124 (4th Cir. 1989). The Government presented evidence that Eichel-
berger was informed of his right to counsel in the Maryland case, and
was informed that if he could not afford counsel, the public defender
would represent him. Additionally, Eichelberger had previous experi-
ence with the legal system as the result of previous convictions.
Eichelberger waived his right to counsel at the guilty plea hearing and

later affirmed that he elected to proceed without counsel. Eichelberger did not present evidence at the federal sentencing hearing demonstrating he did not understand the right to counsel or that his waiver was involuntary. We agree with the district court's conclusion that Eichelberger has not established his waiver was involuntary or unknowing.

Accordingly, Eichelberger's sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*