# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1729

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Joshua D. Stapleton, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 10, 2002
Filed: January 9, 2003

_____

Before HANSEN, Chief Judge, RICHARD S. ARNOLD and LOKEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Joshua Stapleton pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court calculated a total offense level of seventeen, a Category VI criminal history, and a resulting Guidelines imprisonment range of fifty-one to sixty-three months. The court imposed a sentence of sixty-three months in prison and three years of supervised release, and Stapleton appealed.

In an earlier appeal, we vacated Stapleton's sentence because, in overruling his objection to the assessment of criminal history points for two municipal assault

convictions in Jackson County, Missouri, the district court erroneously relied on only the presence report and the unsworn statements of the probation officer who prepared it. We remanded for resentencing and reopened the record to allow the parties to submit evidence regarding the disputed convictions. See United States v. Stapleton, 268 F.3d 597, 598-99 (8th Cir. 2001.)

At resentencing, the district court received additional evidence and again assessed the criminal history points for the two assault convictions. Also, based on Stapleton's attempts to intimidate a witness at the resentencing hearing, the court applied a two-level enhancement for obstruction of justice. Based on a total offense level of nineteen and a Category VI criminal history, Stapleton's Guidelines imprisonment range was sixty-three to seventy-eight months. The court sentenced him to seventy-eight months in prison and three years of supervised release.

Stapleton appeals, challenging the district court's assessment of the criminal history points and its application of the obstruction-of-justice enhancement. For the reasons discussed below, we affirm in part and reverse in part.

I.

A. Stapleton's criminal history category

At resentencing, the government introduced into evidence two documents regarding the Jackson County assault charges. First, on April 14, 2000--while Stapleton was serving a 120-day sentence in Buchanan County, Missouri--he had completed a petition to plead guilty and waive his appearance on "all charges" pending against him in Jackson County. Second, a police report showed that the assault charges were disposed of by Stapleton's guilty plea on April 19, 2000.

In response, Stapleton introduced a letter from his municipal court attorney, who recalled that he had reached an agreement with the municipal judge providing

2

that if Stapleton pleaded guilty to seven charges pending against him in Jackson County (fleeing a police officer, speeding, careless driving, disobeying a traffic control signal, leaving the scene of an accident, interfering with police, and possessing drug paraphernalia), he would receive a sentence concurrent with the term he was already serving in Buchanan County. On April 19, counsel had presented the municipal judge with Stapleton's petition and the court files for the seven charges. Counsel had not intended to enter Stapleton's guilty plea to the two unrelated assault charges, and it had been his experience that the municipal court would not accept guilty pleas to assault charges without the defendant appearing in person.

Stapleton argues that this evidence shows that his assault convictions were obtained in violation of his right to counsel. He had a constitutional right to counsel because he was sentenced to and served ninety days in jail for these misdemeanors, see Scott v. Illinois, 440 U.S. 367, 373-74 (1979), and criminal history points cannot be assessed for uncounseled misdemeanor convictions that result in prison time, see U.S. Sentencing Guidelines Manual § 4A1.2, comment. (backg'd) (2001).

Once the government met its initial burden of proving that Stapleton was convicted, the burden shifted to him to prove by a preponderance of the evidence that his convictions were constitutionally invalid. See United States v. Early, 77 F.3d 242, 245 (8th Cir. 1996) (per curiam); United States v. Solomon, 998 F.2d 587, 591 (8th Cir.), cert. denied, 510 U.S. 1026 (1993). Although this case presents a close question, we conclude that Stapleton showed that it was more likely than not that he was convicted without the benefit of counsel.

Read together, Stapleton's petition to plead guilty in Jackson County, the police report, and the letter from Stapleton's municipal court attorney show that Stapleton and his counsel intended to limit his plea to the seven traffic and drug charges. When Stapleton wrote "all charges" on the petition where he was supposed

3

to indicate the case numbers for those charges, however, the municipal court apparently mistook his plea as also encompassing the two assault charges.

The preponderance of the evidence demonstrates that Stapleton's assault convictions were uncounseled. The district court therefore clearly erred in assessing criminal history points based on them, and Stapleton's proper criminal history category is V rather than VI. See United States v. Bobo, 994 F.2d 524, 528 (8th Cir.) (standard of review), cert. denied, 510 U.S. 891 (1993).

In light of this conclusion, we need not reach Stapleton's argument that the district court erred in allowing the government to introduce the petition and the police report into evidence at resentencing.

## B. Stapleton's total offense level

After testifying at the resentencing hearing, but while still under oath, the probation officer advised the district court that Stapleton had "stared at" him, "shook his head," and "moved his lips" during the hearing. Based on his "experience in dealing with defendants," the probation officer concluded that Stapleton was conveying the message "I am going to get you" or "I am going to get even with you." The prosecutor urged the court to enhance Stapleton's offense level for obstruction of justice based on this conduct. Stapleton's attorney, after speaking with four of the people present in the courtroom, reported that two of them confirmed having seen the "staring" and "nodding." Additionally, the courtroom deputy advised the court that she had seen the behavior the probation officer had described. The district court found that Stapleton's conduct was "hostile" and "intimidating" and therefore applied a two-level obstruction-of-justice enhancement to his offense level under USSG § 3C1.1 & comment. (n.4(a)). (Resent. Tr. at 32-34, 36.)

4

On appeal, Stapleton argues that the district court's application of the obstruction-of-justice enhancement at resentencing violated the scope of the remand.[1] We do not think that the district court's action violated the general rule regarding the scope of a remand. "On remand, . . . all issues decided by the appellate court become the law of the case, and the sentencing court is bound to proceed within the scope of any limitations imposed on its function at resentencing by the appellate court." United States v. Behler, 100 F.3d 632, 635 (8th Cir. 1996) (quoted sources and internal marks omitted), cert. denied, 522 U.S. 855 (1997). In our prior opinion, we did not decide any issues relating to obstruction of justice, and we did not establish any restrictions preventing the district court from considering obstruction of justice. Stapleton's obstructive conduct at resentencing was simply not an issue in the prior appeal because he had not yet committed it.

Neither Stapleton nor the government has pointed us to any case either authorizing or prohibiting a district court's application of an obstruction-of-justice enhancement based on a defendant's conduct at resentencing, and we have found none. Although our precedent "prohibits consideration of post-sentencing rehabilitation at resentencing" as the basis for a downward departure, United States v. Hasan, 245 F.3d 682, 688 (8th Cir.) (en banc), cert. denied, 122 S. Ct. 238 (2001), we do not find it inconsistent to allow consideration of post-sentencing obstructive conduct that occurs in the judge's presence at resentencing as the basis for an obstruction-of-justice enhancement. Otherwise, the judge would lack an effective remedy for obstructive conduct that interferes with the resentencing process.

Obstruction of justice is concerned with a different time period than is acceptance of responsibility. Most of the acceptance-of-responsibility inquiry focuses

---

[1] Stapleton does not argue that the conduct itself was not a valid basis for the enhancement. Cf. United States v. Moss, 138 F.3d 742, 745-46 (8th Cir. 1998) (defendant who made throat-cutting gesture at witness during recess in sentencing hearing qualified for obstruction-of-justice enhancement).

5

on the defendant's conduct through the time he pleads guilty.  See USSG § 3E1.1, comment. (nn.1, 3, 6).  Even in the rare situations when a defendant proceeds to trial to contest an issue unrelated to factual guilt, acceptance of responsibility hinges "primarily upon pre-trial statements and conduct."  See id., comment. (n.2).  The obstruction-of-justice inquiry, on the other hand, takes into account the entire case from investigation through sentencing.  See USSG § 3C1.1 & comment. (n.4).

Because a defendant who attempts to threaten or intimidate a witness at a resentencing hearing obstructs justice as much as a defendant who attempts to threaten or intimidate a witness at an original sentencing hearing does, we conclude that an obstruction-of-justice enhancement may be applied based on the defendant's conduct at resentencing.

## II.

For the reasons stated above, we vacate Stapleton's sentence and remand this case to the district court for resentencing within a Guidelines imprisonment range of fifty-seven to seventy-one months, based on a total offense level of nineteen and a Category V criminal history.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

6