# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 27, 2013      Decided December 3, 2013

No. 12-3050

UNITED STATES OF AMERICA,
APPELLEE

v.

ALFONSO MARTINEZ-CRUZ,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cr-00336-6)

*Richard K. Gilbert*, appointed by the court, argued the cause and filed the briefs for appellant

*Nicholas P. Coleman*, Assistant U.S. Attorney, argued the cause for appellee. With him on the briefs were *Ronald C. Machen Jr.*, U.S. Attorney, and *Elizabeth Trosman*, Assistant U.S. Attorney.

Before: KAVANAUGH, *Circuit Judge*, and EDWARDS and WILLIAMS, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* WILLIAMS.

Dissenting opinion filed by *Circuit Judge* KAVANAUGH.

WILLIAMS, *Senior Circuit Judge*: The defendant, Alfonso Martinez-Cruz, pleaded guilty to a single count of conspiracy to distribute methamphetamine. At sentencing, he sought to qualify for 18 U.S.C. § 3553(f)'s "safety valve," and in fact met all but one criterion, the statute's requirement that his criminal history score under the Sentencing Guidelines be no more than one point. 18 U.S.C. § 3553(f)(1). Had he met this last criterion, the Sentencing Guidelines would have provided for a two-level decrease in the "base offense" level used to calculate the Guidelines' recommended range. U.S.S.G. § 2D1.1(16). That decrease in turn would have shaved two-and-a-half years off the bottom end of the recommended range for Martinez-Cruz. But because of a prior driving-under-the-influence conviction in Gwinnett County, Georgia, for which he was on probation at the time of his arrest, his criminal history score was in fact three points. The district court therefore found him ineligible for the reduction.

Martinez-Cruz maintains that at the time of his plea to the DUI charge he was not properly informed of his right to counsel, and thus did not validly waive that right, so that the DUI conviction was in violation of the Constitution. Accordingly, he says, the plea cannot be used to enhance his sentence. U.S.S.G. § 4A1.2 Application Note 6; *Burgett v. Texas*, 389 U.S. 109, 115 (1967). The sole issue presented in this case is whether it is permissible under the Due Process Clause to require Martinez-Cruz to shoulder not only the burden of production in challenging the validity of his prior plea, but also the burden of persuasion. We hold that due process does not permit this additional burden.

3

* * *

At the time of his Georgia arrest, Martinez-Cruz, an immigrant from Mexico, had no formal education, spoke no English, and could neither read nor write Spanish. He spent two days in jail before pleading guilty; in exchange for his plea, his sentence was limited to time served and one year's probation. Before pleading, he received a waiver-of-counsel form in Spanish that explained his Sixth Amendment rights. He printed his name on the form and pleaded guilty. The court did not keep a transcript of the plea; it isn't clear whether one ever came into existence. Martinez-Cruz signed a judgment form, on which someone at the Georgia court had created a box labeled "20.00 TRF" and had checked that box. The district court understood the notation to indicate a $20 fee for a translator or interpreter, and both sides appear to agree.

In a pair of affidavits attached to his two sentencing memoranda, Martinez-Cruz asserted not only that he was illiterate, but also that nobody explained to him the waiver-of-counsel form, that he did not recall appearing before a judge, and that he was absolutely certain that if he did appear before a judge, the judge did not conduct an individualized plea colloquy of the sort that took place at the time of his methamphetamine plea. Absent an explanation of his right to counsel that he could understand, Martinez-Cruz argues, a waiver of that right could not be "knowing and intelligent," as required by *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972).

At his sentencing in this case, Martinez-Cruz argued that in a collateral challenge to an allegedly unconstitutional prior conviction the defendant should bear only a burden of production to show that the conviction was invalid. He submitted that his inability to read the waiver-of-counsel form, plus the absence of evidence indicating that his rights were otherwise explained to him, created a "fair inference"

that he did not validly waive his right to counsel. That inference, he suggested, must shift the burden of persuasion to the government.

The government contended that Martinez-Cruz instead bore a burden of persuasion, and that his affidavits failed to carry that burden. It is a little unclear what the government meant by this. Counsel characterized Martinez-Cruz's statements that he didn't recall the Gwinnett County proceedings but that he was certain there was no individualized plea colloquy as "speaking out of both sides of his mouth"; so counsel's theory was different from a claim that even if the court heard testimony from Martinez-Cruz and believed him there would still be an inadequate basis for finding the waiver insufficient. In any event, not taking testimony but apparently adopting the government's argument, the district court concluded that Martinez-Cruz failed "to establish by a preponderance of the evidence that this is not a conviction that he knowingly accepted." The court accordingly assigned Martinez-Cruz three criminal history points—making him ineligible for the safety valve—and sentenced him to 81 months in prison, the bottom of the Guidelines range.

\* \* \*

Although the Guidelines once addressed the problem of potentially invalid prior convictions in the calculation of a criminal history score by barring reliance on "[c]onvictions which the defendant shows to have been constitutionally invalid," U.S.S.G. § 4A1.2 Application Note 6 (1989); *United States v. Davenport*, 884 F.2d 121, 124 (4th Cir. 1989), later amendments adopted a more general formula, saying that the Guidelines "do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law." U.S.S.G. § 4A1.2

Application Note 6 (1993). The Due Process Clause is of course a "right[] otherwise recognized in law," and therefore provides the basis for a collateral attack. See *Parke v. Raley*, 506 U.S. 20, 28 (1992). The question before us is whether due process requirements are satisfied if the defendant meets a burden of production but must then face a burden of persuading the court that the prior conviction was secured in violation of his right to counsel. (As we'll soon see, "right to counsel" in this context is a term of art that *excludes* a claim of ineffective assistance of counsel.)

The Supreme Court has partially addressed this question. In *Parke v. Raley*, the defendant was convicted of robbery and, because he had two prior convictions for burglary, of being a "persistent felony offender." *Id*. at 22. Under Kentucky's persistent felony offender statute, once the government proved the existence of a prior conviction, a presumption of regularity attached to that conviction. To refute that presumption, the defendant needed to "produce evidence that his rights were infringed or some procedural irregularity occurred." *Id*. at 24. If he produced such evidence "the burden shifts back to the government affirmatively to show that the underlying judgment was entered in a manner that did, in fact, protect the defendant's rights." *Id*. at 24.

Raley asserted that his earlier guilty pleas were not knowing and voluntary, and claimed unsuccessfully that due process prevented Kentucky from requiring him to bear any burden whatsoever, *i.e.*, the state would in every case have to prove the validity of a conviction before using it to secure an enhanced sentence in a later proceeding. *Id*. at 25-26. The Court disagreed, concluding that in a collateral challenge

> it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability

is due to government misconduct) that the defendant was not advised of his rights . . . .  [E]ven when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant.

*Id*. at 30-31 (citing *Johnson v. Zerbst*, 304 U.S. 458, 468-69 (1938 )).

The Court did not explain exactly what "proof burden" the Constitution permits.  As a holding, obviously, *Parke* does no more than uphold the constitutionality of requiring a defendant to meet a burden of production.  In its discussion, the Court reviewed practices in several jurisdictions, with some assigning the burden entirely to the government and some entirely to the defendant, with various stops in between, *id*. at 32-34, and found that "neither our precedents nor historical or contemporary practice compel the conclusion" that Kentucky's rule violated due process, *id*. at 34.  At oral argument in our case the government suggested that this survey represented some kind of endorsement of the jurisdictions placing the whole burden on the defendant.  We see little basis for that inference.  Today we consider how heavy a burden may be assigned the defendant—but only in cases where the defendant alleges that a prior conviction or plea was secured in violation of the right to counsel.

\* \* \*

This question presents a tension between two basic presumptions of our legal tradition.  On the one hand, the Supreme Court has repeatedly attached a presumption of regularity to final judgments.  E.g., *id*. at 31.  That presumption applies throughout the law and even when constitutional rights are implicated.  *Id*. at 29-30 (citing

*Zerbst*, 304 U.S. at 464). It has said that "inroads on the concept of finality tend to undermine confidence in the integrity of our procedures and inevitably delay and impair the orderly administration of justice." *Custis v. United States*, 511 U.S. 485, 497 (1994) (quoting *United States v. Addonizio*, 442 U.S. 178, 184 n.11 (1979) (internal quotation marks omitted)). Whatever the force of that idea, it seems plain that resources devoted to reexamination of judgments in old cases are unavailable for reaching accurate judgments in new ones. Accord *Hawkins v. United States*, 724 F.3d 915, 918-19 (7th Cir. 2013) (recounting evidence of interminable litigation delays in Brazil and India and linking delays to the ease of case reopening). In *Parke* the Court invoked the presumption of regularity as a backstop to the states' more direct interest "in deterring and segregating habitual criminals." 506 U.S. at 27, 31.

At the same time, the Court has recognized the failure to provide counsel as a "unique constitutional defect." *Custis*, 511 U.S. at 496. It has both admonished courts to "indulge every reasonable presumption against a waiver of counsel," e.g., *Zerbst*, 304 U.S. at 464; see also *Glasser v. United States*, 315 U.S. 60, 70 (1942), and has given right-to-counsel claims a favored position over other possible grounds for collateral challenges—even over other Sixth Amendment claims, including ineffective assistance of counsel. E.g., *Custis*, 511 U.S. at 494-97; *Zerbst*, 304 U.S. at 467-68. Not only is the right to counsel itself fundamental, but its assertion is critical to vindicating the other fundamental "rights deemed essential for the fair prosecution of a criminal proceeding." *Maine v. Moulton*, 474 U.S. 159, 169 (1985).

Anti-recidivist provisions, of course, can extend the effects of an invalid conviction, making it the basis for progressively more severe penalties. The right to counsel is a shield against that result. By radically reducing the risk that a

defendant might be convicted in violation of other rights, it helps to forestall such a spiral of error.

In a case of alleged recidivism, of course, the absence of counsel undermines a defendant's ability to challenge a prior conviction. Without defense counsel, the original proceedings are far less likely to yield a record that can clearly resolve the validity of the prior proceeding. Here, for example, the Georgia court did not preserve a transcript of the plea proceedings. Nothing in that court's skimpy record addresses Martinez-Cruz's illiteracy. And there is no indication of what services the translator actually—or even typically—performed. Had a lawyer been assigned, he or she would have been available to clarify details that the record left obscure, as did the defendant's attorney in many of the cases on which the government relies. E.g., *Parke*, 506 U.S. at 24.

In singling out the right to counsel for relatively special protection in the recidivist sentencing context, the Court has linked that status to the relative "[e]ase of administration" of collateral attacks on abridgement of the right to counsel:

> [F]ailure to appoint counsel at all will generally appear from the judgment roll itself, or from an accompanying minute order. But determination of claims of ineffective assistance of counsel, and failure to assure that a guilty plea was voluntary, would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts or records that may date from another era, and may come from any one of the 50 States.

*Custis*, 511 U.S. at 496. The Court therefore refused to extend the right to collateral attack at recidivist sentencing from the straightforward right to counsel, upheld in *Burgett v. Texas*, 389 U.S. 109 (1967), and *United States v. Tucker,* 404 U.S.

443 (1972), to the sort of rights whose vindication would require too much "rummaging" through old and inaccessible records. *Daniels v. United States*, 532 U.S. 374, 382 (2001), applies the same distinction.

By the same token, in cases where the defendant had no counsel for the prior conviction, the only issue will be whether he validly waived counsel. If that involves "rummaging," it is only with respect to a relatively narrow issue.

In *Parke* the Court noted that when "a defendant challenges the validity of a previous guilty plea, the government will not invariably, or perhaps even usually, have superior access to evidence." 506 U.S. at 32. It also staunchly resisted any notion that one should infer that a defendant was not advised of his rights from "the mere unavailability of a transcript." *Id*. at 30. But Martinez-Cruz asks only for a rule that requires the government to take over the ultimate burden once a defendant has seriously undermined the presumption of regularity—as he did here, by showing that he was incapable of understanding the only explanation of his rights of which either party is aware. In such a case the government's access to evidence that might fill the remaining gap seems quite likely to be superior.

Here, for example, the government might have introduced information on the typical plea practices in Gwinnett County. Perhaps, upon handing out the waiver form, the court inquires whether a Spanish-speaking defendant can read and, if not, requires a translator to read him the form. Or perhaps the court staff alerts the judge of the need to conduct a special plea colloquy with an illiterate defendant who does not speak English. The government might also have secured an affidavit from the judge before whom Martinez-Cruz entered his plea, stating in some detail what practices were routine at the time the plea was made. Such evidence would likely meet

the government's burden by a preponderance—at least in absence of evidence undermining the judge's account. The government implicitly assumed that something along these lines took place here; otherwise Martinez-Cruz could not have understood his right to counsel.

Accordingly, we think that the analysis by the Court in *Parke* and kindred cases supports assigning the government the ultimate burden of persuasion, *but only once* the defendant produces *objective* evidence sufficient to support a reasonable inference that his right to counsel was not validly waived. That evidence must entail more than a silent record, or even the defendant's sworn statement that he was not informed of his rights. To carry this burden, the defendant's evidence generally must supply a reason to believe that the court had no ordinary procedure capable of apprising him adequately of his rights or that the court did not follow its own procedures. Here, for example, the Gwinnett County court had a procedure for informing *literate* Spanish-speaking defendants of their right to counsel. Martinez-Cruz showed that because he was illiterate, this particular procedure was unlikely to truly inform him of his rights.

\* \* \*

The government urges that "every other Circuit to address this issue has held that it is the defendant, not the government, that has the burden of proof." United States Br. 22. The dissent makes the same point. But the cases they cite do not address the precise issue decided today.

Several of those cases evaluated claims under the old Sentencing Guidelines, in which the defendant raised no constitutional argument. The courts there had no need to grapple with due process requirements and simply assumed the burden was on the defendant all the way. E.g., *United*

*States v. Hoffman*, 982 F.2d 187, 190 (6th Cir. 1992); *United States v. Boyer*, 931 F.2d 1201, 1204 (7th Cir. 1991); *United States v. Davenport*, 884 F.2d 121, 123-24 (4th Cir. 1989). Others addressed prior convictions for which the defendant *had* counsel. E.g., *United States v. Stapleton*, 316 F.3d 754, 756 (8th Cir. 2003); *United States v. Gallman*, 907 F.2d 639, 643 (7th Cir. 1990). Our decision does not conflict with any of these cases.

In still others the defendant failed to introduce any evidence affirmatively suggesting that he could not have validly waived his right to counsel. Thus the First Circuit has "read *Parke* to preclude [the] suggested legal framework that would transfer the burden back to the government *based on a silent record.*" *United States v. Gray*, 177 F.3d 86, 91 (1st Cir. 1999) (emphasis added). In a case relied upon by the dissent, the same circuit observed:

> Since the number of felony cases where a defendant lacks counsel must be small (particularly after *Gideon v. Wainwright*, 372 U.S. 335 (1963)), a sentencing court may permissibly infer from the record of the conviction that the conviction was not obtained unconstitutionally *provided the record contains no reason to believe the contrary*.

*United States v. Wilkinson*, 926 F.2d 22, 28 (1st Cir. 1991) (emphasis added). But the emphasized proviso does not apply here; Martinez-Cruz provided ample reason to suspect that he did not validly waive his right to counsel before the Gwinnett County court.

The government also points to *United States v. Cooper*, 203 F.3d 1279, 1287 (11th Cir. 2000), as a case placing the burden of persuasion entirely on defendant. We read *Cooper* quite differently. The Eleventh Circuit recognized that certain

convictions are "presumptively void" for sentencing purposes, citing "uncounseled convictions" as the key (and perhaps only) example. *Id.* (quoting *United States v. Roman*, 989 F.2d 1117, 1120 (11th Cir. 1993) (en banc) (per curiam)). Once the defendant laid a "factual foundation" in support of his claim that a conviction was uncounseled, a sentencing court must "review this earlier conviction before taking it into account." *Id.* That procedure—which to be sure is not laid out in detail—is consistent with the burden-shifting arrangement that we contemplate here.

The set of cases in which courts used general language seeming to place the burden on the defendant, but where the defendant did not offer the kind of objective evidence on which Martinez-Cruz relies, is very broad. The defendant in those cases relied on a silent record or conclusory affidavits, or "d[id] not proffer any evidence to support his claim that his waivers of counsel were involuntary." *United States v. Krejcarek*, 453 F.3d 1290, 1297-98 (10th Cir. 2006); *United States v. Dominguez*, 316 F.3d 1054, 1056-57 (9th Cir. 2003); *United States v. Early*, 77 F.3d 242, 245 (8th Cir. 1996); *United States v. Osborne*, 68 F.3d 94, 100-01 (5th Cir. 1995). In other instances, the court found that the government's evidence "conclusively demonstrate[d] that [the] . . . waiver of counsel was valid," *United States v. Allen*, 153 F.3d 1037, 1042 (9th Cir. 1998); although reciting language placing the burden on the defendant, *id.* at 1041, this finding made such language moot. Because those courts had no occasion to address the sort of facts presented here, the government's suggested conflict is at most one of words, not of holdings.

\* \* \*

We remand to the district court so that it may re-examine the evidence introduced by Martinez-Cruz. If, as seems apparent from the record before us, Martinez-Cruz has

introduced objective evidence sufficient to support a reasonable inference that he did not validly waive the right to counsel, then the government must, by a preponderance of the evidence, persuade the court that the waiver was in fact valid. If Martinez-Cruz has not introduced such evidence, then his prior conviction is presumed valid and the court may sentence him as it did before.

The judgment of the district court is therefore vacated and the case remanded.

*So ordered.*

KAVANAUGH, *Circuit Judge*, dissenting: As a lower court in a system of absolute vertical stare decisis headed by one Supreme Court, it is essential that we follow both the words and the music of Supreme Court opinions. This case is controlled by at least the music, if not also the words, of the Supreme Court's decision in *Parke v. Raley*, 506 U.S. 20 (1992). There, the Supreme Court made clear that the defendant in a recidivist sentencing proceeding may be assigned the burden of proof when challenging the constitutionality of a prior conviction that is being used to enhance or determine the current sentence. Consistent with *Parke v. Raley*, every court of appeals to consider the question has reached that same conclusion. By ruling otherwise here, the majority opinion, in my view, both deviates from Supreme Court precedent and creates an unwarranted circuit split.

* * *

Martinez-Cruz was convicted of one count of conspiracy to distribute methamphetamine. Consistent with sentencing practices throughout American history, the Sentencing Guidelines authorize district court judges to sentence a defendant based in part on the defendant's prior record. *See* U.S. SENTENCING GUIDELINES § 4A1.1 (2013). In this case, Judge Hogan applied the relevant Guidelines and calculated Martinez-Cruz's sentence based in part on Martinez-Cruz's prior DUI conviction by guilty plea in Georgia.

On appeal, Martinez-Cruz argues that Judge Hogan should not have counted the prior Georgia DUI conviction when sentencing Martinez-Cruz here. Importantly, Martinez-Cruz never before challenged the Georgia DUI conviction in any Georgia court. (Martinez-Cruz presumably did not previously challenge his Georgia DUI conviction because he got a good deal: no jail time beyond the two days time served after his arrest and only 12 months of probation.) That Georgia conviction therefore has long since been a final

judgment. Despite never before challenging the Georgia conviction, Martinez-Cruz has *now* contended – in the context of his sentencing for a federal drug offense – that his Georgia DUI conviction was unconstitutional because he allegedly did not voluntarily waive his right to counsel before he pled guilty.

The question here concerns the burden of proof when the defendant challenges the constitutionality of a prior conviction that is being used to enhance or determine a current sentence. The burden of proof is important in many recidivist sentencing proceedings because records of old convictions may be difficult if not impossible to obtain. So assignment of the burden of proof can be outcome-determinative. The Government argues – and Judge Hogan agreed – that the burden of proof may be placed on the defendant. Martinez-Cruz contends otherwise.

The Guidelines do not expressly answer the question but instead provide the defendant with the minimum protections of the Due Process Clause, or any separate specific statute applicable to the particular offense. U.S. SENTENCING GUIDELINES § 4A1.2 cmt. n.6 (2013). No separate *statute* sets the burden of proof here. So we must assess what the Due Process Clause requires with respect to the burden of proof question. And there, we run squarely into *Parke v. Raley*.

In *Parke v. Raley*, 506 U.S. 20 (1992), the Supreme Court analyzed how the Due Process Clause applies when the defendant challenges a prior conviction used to enhance the defendant's current sentence. The Court began by emphasizing the nature of recidivist sentencing procedures. "Statutes that punish recidivists more severely than first offenders," the Court said, "have a long tradition in this country that dates back to colonial times." *Parke*, 506 U.S. at

26.   In those recidivist proceedings, a "presumption of regularity" attaches to the prior conviction because the prior conviction is a final judgment.  *Id.* at 29.  That principle applies "even when the question is waiver of constitutional rights" in the prior proceeding.  *Id.*

As *Parke v. Raley* explained, the reason for this principle is straightforward: By definition, a defendant in a recidivist proceeding who challenges the prior conviction is mounting a "collateral attack" because he or she is seeking to deprive the prior conviction of its "normal force and effect in a proceeding that has an independent purpose other than to overturn the prior judgments."  *Id.* at 30.  In a collateral attack, the individual challenging the conviction ordinarily bears the burden of proof.  *See, e.g.*, *id.* at 31; *see also* 28 U.S.C. § 2254(e).  In light of the collateral nature of a recidivist sentencing proceeding where the defendant challenges a prior sentence, the Supreme Court determined in *Parke v. Raley* that, as a matter of due process, the Federal Government and States possess wide discretion to choose how to assign the burden of proof – including by assigning the burden to the defendant.  Indeed, the Court approvingly cited the many state laws that "assign the entire burden to the defendant."  *Id.* at 33.  And the Court also cited with approval five federal cases (involving two different federal statutes) and another federal statute that "placed on the defendant the entire burden of proving the invalidity of a prior conviction."  *Id.* at 33-34.

Applying those principles in *Parke v. Raley*, the Supreme Court upheld Kentucky's burden-shifting scheme, stating that it "easily passes constitutional muster."  506 U.S. at 28.  To be sure, the Kentucky scheme at issue in *Parke* placed only the initial burden of production on the defendant, and not the ultimate burden of proof.  But as noted above, the Court's

analysis – at least the music if not the words of the Court's opinion – made clear that the burden of proof may be placed on the defendant when the defendant seeks to challenge a prior conviction in a recidivist proceeding.

Consistent with *Parke v. Raley*, every court of appeals to consider the question has held that the Due Process Clause allows the burden of proof to be assigned to the defendant in these cases. *See, e.g.*, *United States v. Gray*, 177 F.3d 86, 88-91 (1st Cir. 1999); *United States v. Davenport*, 884 F.2d 121, 122-24 (4th Cir. 1989); *United States v. Osborne*, 68 F.3d 94, 100-01 (5th Cir. 1995); *United States v. Hoffman*, 982 F.2d 187, 191 (6th Cir. 1992); *United States v. Gallman*, 907 F.2d 639, 642-44 (7th Cir. 1990); *United States v. Stapleton*, 316 F.3d 754, 756 (8th Cir. 2003); *United States v. Dominguez*, 316 F.3d 1054, 1056-57 (9th Cir. 2003); *United States v. Johnson*, 973 F.2d 857, 862 (10th Cir. 1992); *United States v. Ruo*, 943 F.2d 1274, 1275-76 (11th Cir. 1991). Importantly, neither the Supreme Court nor the lower courts have done what the majority opinion does here – that is, carve out novel exceptions to the minimum burden of proof baseline based on the nature of the alleged constitutional violation in the prior conviction. The courts have applied this burden of proof principle even where the prior conviction allegedly contravened the right to counsel or the right to guilty plea warnings.

Even without the precedent of *Parke v. Raley*, it would be plain in my view that the Due Process Clause allows the burden of proof to be placed on the defendant collaterally challenging his prior conviction in a recidivist sentencing proceeding. As a matter of history and contemporary practice – which is what the Supreme Court generally examines to fashion due process rules in the criminal context, *see Medina v. California*, 505 U.S. 437 (1992) – the burden of proof often

has been assigned to the defendant in these circumstances. The strong rationale for that tradition and practice was explained well by then-Judge Breyer in a pre-*Parke v. Raley* case:

> [T]heoretically speaking, any given conviction might suffer any of a myriad of constitutional defects. Practically speaking, it is the defendant, not the probation officer or the Government, who will know any particular defect-related details about any particular prior conviction. For such reasons, the Sentencing Commission (and courts) in related sentencing areas have said that, once the Government establishes the existence of a prior conviction, the burden shifts to the offender to show that the conviction violated the Federal Constitution.

*United States v. Wilkinson*, 926 F.2d 22, 28 (1st Cir. 1991), *abrogated on other grounds by Bailey v. United States*, 516 U.S. 137 (1995). Martinez-Cruz cites no historical tradition or contemporary practice suggesting a contrary rule. Therefore, even without *Parke v. Raley*, I would conclude that the Due Process Clause allows the burden of proof to be assigned to the defendant.

In sum, as a matter of due process, the Supreme Court has allowed the burden of proof to be placed on a defendant who is challenging the use of a prior conviction to calculate the current sentence. That minimum due process baseline is incorporated into the Sentencing Guidelines. In this Guidelines case, Martinez-Cruz did not satisfy the burden of proof when attempting to show that his prior Georgia DUI conviction was unconstitutional. I therefore agree with Judge Hogan's well-reasoned decision to count Martinez-Cruz's prior Georgia DUI conviction when imposing the sentence in

this case.  I would affirm the judgment of the District Court.  I respectfully dissent.