KAVANAUGH, Circuit Judge,
dissenting:
As a lower court in a system of absolute vertical stare decisis headed by one Supreme Court, it is essential that we follow both the words and the music of Supreme Court opinions. This case is controlled by at least the music, if not also the words, of the Supreme Court’s decision in Parke v. Raley, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). There, the Supreme Court made clear that the defendant in a recidivist sentencing proceeding may be assigned the burden of proof when challenging the constitutionality of a prior conviction that is being used to enhance or determine the current sentence. Consistent. with Parke v. Raley, every court of appeals to consider the ' question .has reached that same conclusion. By ruling otherwise here, the majority opinion, in my view, both deviates from Supreme Court precedent and creates an unwarranted circuit split.
Martinez-Cruz was convicted of one count of conspiracy to distribute methamphetamine. Consistent with sentencing practices throughout American history, the Sentencing Guidelines authorize district court judges to sentence a defendant based in part on the defendant’s prior record. See U.S. Sentencing Guidelines § 4A1.1 (2013). In this case, Judge Hogan applied the relevant Guidelines and calculated Martinez-Cruz’s sentence based in part on Martinez-Cruz’s prior DUI conviction by guilty plea in Georgia.
On appeal, Martinez-Cruz argues that Judge Hogan should not have counted the prior Georgia DUI conviction when sentencing Martinez-Cruz here. Importantly, Martinez-Cruz never before challenged the Georgia DUI conviction in any Georgia court. (Martinez-Cruz presumably did not previously challenge his Georgia DUI conviction because he got a good deal: no jail time beyond the two days time served after his arrest and only 12 months of probation.) That Georgia conviction therefore has long since been a final judgment. Despite never before challenging the Georgia conviction, Martinez-Cruz has now contended — in the context of his sentencing for a federal drug offense — that his Georgia DUI conviction was unconstitutional because he allegedly did not voluntarily waive his right to counsel before he pled guilty.
The question here concerns the burden of proof when the defendant challenges the constitutionality of a prior conviction that is being used to enhance or determine a current sentence. The burden of proof is important in many recidivist sentencing proceedings because records of old convictions may be difficult if not impossible to *1007 obtain. So assignment of the burden of proof can be outcome-determinative. The Government argues — and Judge Hogan agreed — that the burden of proof may be placed on the defendant. Martinez-Cruz contends otherwise.
The Guidelines do not expressly answer the question but instead provide the defendant with the minimum protections of the Due Process Clause, or any separate specific statute applicable to the particular offense. U.S. Sentencing Guidelines § 4A1.2 cmt. n. 6 (2013).' No separate statute sets the burden of proof here. So we must assess what the ■ Due Process Clause requires with respect to the burden of proof question. And there, we run squarely into Parke v. Raley.
In Parke v. Raley, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), the Supreme Court analyzed how the Due Process Clause applies when the defendant challenges a prior conviction used to enhance the defendant’s current sentence. The Court began by emphasizing the nature of recidivist sentencing procedures. “Statutes that punish recidivists more severely than first offenders,” the Court said, “have a long tradition in this country that dates back to colonial times.” Parke, 506 U.S. at 26, 113 S.Ct. 517. In those recidivist-proceedings, a “presumption of regularity” attaches to the prior conviction because the prior conviction is a final judgment. Id. at 29, 113 S.Ct. 517. That principle applies “even when the question is waiver of constitutional rights” in the prior proceeding. Id.
As Parke v. Raley explained, the reason for this principle is straightforward: By definition, a defendant in a recidivist proceeding who challenges the prior conviction is mounting a “collateral attack” because he or she is seeking to deprive the prior conviction of its “normal force and effect in a proceeding that has an independent purpose other than to overturn the prior judgments.” Id. at 30, 113 S.Ct. 517. In a collateral attack, the individual challenging the conviction ordinarily bears the burden of proof. See, e.g., id. at 31, 113 S.Ct. 517; see also 28 U.S.C. § 2254(e). In light of the collateral nature of a recidivist sentencing proceeding where the defendant challenges a prior sentence, the Supreme Court determined in Parke v. Raley that, as a matter of due process, the Federal Government and States possess wide discretion to choose how to assign the burden of proof — including by assigning the burden to the defendant. Indeed, the Court approvingly cited the many state laws that “assign the entire burden to the defendant.” Id. at 33, 113 S.Ct. 517. And the Court also cited with approval five federal cases (involving two different federal statutes) and another federal statute that “placed on the defendant the entire burden of proving the invalidity of a prior conviction.” Id. at 33-34, 113 S.Ct. 517.
Applying those principles in Parke v. Raley, the Supreme Court upheld Kentucky’s burden-shifting scheme, stating that it “easily passes constitutional muster.” 506 U.S. at 28, 113 S.Ct. 517. Tobe sure, the Kentucky scheme at issue in Parke placed only the initial burden of production on the defendant,- and not the ultimate burden of proof. But as noted above, the Court’s analysis — at least the music if not the words of the Court’s opinion — made clear that the burden of proof may be placed on the defendant when the defendant seeks to challenge a prior conviction in a recidivist proceeding.
Consistent with Parke v. Raley, every court of appeals to consider the question has held that the Due Process Clause allows the burden of proof to be assigned to the defendant in these cases. See, e.g., United States v. Gray, 177 F.3d 86, 88-91 (1st Cir.1999); United States v. Davenport, 884 F.2d 121, 122-24 (4th Cir.1989); United States v. Osborne, 68 F.3d 94, 100- *1008 01 (5th Cir.1995); United States v. Hoffman, 982 F.2d 187, 191 (6th Cir.1992); United States v. Gallman, 907 F.2d 639, 642-44 (7th Cir.1990); United States v. Stapleton, 316 F.3d 754, 756 (8th Cir.2003); United States v. Dominguez, 316 F.3d 1054, 1056-57 (9th Cir.2003); United States v. Johnson, 973 F.2d 857, 862 (10th Cir.1992); United States v. Ruo, 943 F.2d 1274, 1275-76 (11th Cir.1991). Importantly, neither the Supreme Court nor the lower courts have done what the majority opinion does here — that is, carve out novel exceptions to the minimum burden of proof baseline based on the nature of the alleged constitutional violation in the prior conviction. The courts have applied this burden of proof principle even where the prior conviction allegedly contravened the right to counsel or the right to guilty plea warnings.
Even without the precedent of Parke v. Raley, it would be plain in my view that the Due Process Clause allows the burden of proof to be placed on the defendant collaterally challenging his prior conviction in a recidivist sentencing proceeding. As a matter of history and contemporary practice — which is what the Supreme Court generally examines to fashion due process rules in the criminal context, see Medina v. California, 505 U.S. 437, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992) — the burden of proof often has been assigned to the defendant in these circumstances. The strong rationale for that tradition and practice was explained well by then-Judge Breyer in a pre-Parke v. Raley case:
[TJheoretically speaking, any given conviction might suffer any of a myriad of constitutional defects. Practically speaking, it is the defendant, not the probation officer or the Government, who will know any particular defect-related details about any particular prior conviction. For such reasons, the Sentencing Commission (and courts) in related sentencing areas have said that, once the Government establishes the existence of a prior conviction, the burden shifts to the offender to show that the conviction violated the Federal Constitution.
United States v. Wilkinson, 926 F.2d 22, 28 (1st Cir.1991), abrogated on other grounds by Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Martinez-Cruz cites no historical tradition or contemporary practice suggesting a contrary rule. Therefore, even without Parke v. Raley, I would conclude that the Due Process Clause allows the burden of proof to be assigned to the defendant.
In sum, as a matter of due process, the Supreme Court has allowed the burden of proof to be placed on a defendant who is challenging the use of a prior conviction to calculate the current sentence. That minimum due process baseline is incorporated into the Sentencing Guidelines. In this Guidelines case, Martinez-Cruz did not satisfy the burden of proof when attempting to show that his prior Georgia DUI conviction was unconstitutional. I therefore agree with Judge Hogan’s well-reasoned decision to count Martinez-Cruz’s prior Georgia DUI conviction when imposing the sentence in this case. I would affirm the judgment of the District Court. I respectfully dissent.