**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

SAMMIE LEE BROWN, JR.,

*Defendant-Appellant.*

No. 01-4124

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., Chief District Judge.
(CR-99-489)

Submitted: October 31, 2001

Decided: December 13, 2001

Before WILKINS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

James P. Rogers, Columbia, South Carolina, for Appellant. Scott N. Schools, United States Attorney, Nancy C. Wicker, Assistant United States Attorney, William K. Witherspoon, Assistant United States Attorney, Ann Agnew Cupp, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Sammie Lee Brown appeals his conviction and 189-month sentence for being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West 2000), and possession of five or more grams of cocaine base (crack) with intent to distribute, 21 U.S.C. § 841(a) (1994). We affirm.

Brown first asserts that the district court abused its discretion in denying his motion to sever all seven counts in the superseding indictment for trial. After his motion was denied, Brown pled guilty to two counts and the rest were dismissed on the government's motion. A valid guilty plea constitutes an admission of the material elements of the crime, *McCarthy v. United States*, 394 U.S. 459, 466 (1969), and waives non-jurisdictional errors, such as defects in the indictment. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Brown has thus waived review of the district court's denial of his severance motion. Moreover, we find that the denial of separate trials on each count did not result in prejudice amounting to a miscarriage of justice. *See United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995) (providing standard).

Next, Brown contends that the district court erred in applying a three-level adjustment under *U.S. Sentencing Guidelines Manual* § 3A1.2(b) (2000), for assaulting a law enforcement officer "in a manner creating a substantial risk of serious bodily injury." The adjustment was based on Brown's ramming of two police vehicles that boxed in his car during his arrest for drug trafficking. Having reviewed the evidence before the district court at sentencing, we are satisfied that the adjustment was properly applied.

Brown also contests a two-level adjustment under USSG § 3C1.2 for recklessly creating "a substantial risk of death or serious bodily

injury to another person in the course of fleeing from a law enforce-ment officer." This adjustment resulted from a high-speed chase that Brown initiated after he was stopped for running a red light several months before his drug trafficking arrest. The court accepted the offi-cer's statement that Brown exceeded 100 m.p.h. during the chase and that Brown "attempted to run another car off the road, . . . hit his brakes abruptly to try force the officer's car to hit his car, [and] . . . passed cars on the right and left." The district court's assessment of the credibility of witnesses generally is not reviewable on appeal. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). We find that, on the facts as stated by the officer, the district court did not clearly err in finding that Brown recklessly created a substantial risk of serious bodily injury to other drivers.

Finally, Brown argues that the district court erred in refusing to grant him a three-level adjustment for acceptance of responsibility. A three-level adjustment is available to a defendant only if he (1) pro-vides *timely* and complete information to the government about his involvement in the offense, or (2) in a *timely* manner notifies the gov-ernment that he intends to plead guilty, "thereby permitting the gov-ernment to avoid preparing for trial . . . ." USSG § 3E1.1(b)(1)-(2). Although Brown was engaged in plea negotiations before his guilty plea, he did not decide to enter into a plea agreement until after a jury had been selected. Consequently, the government was forced to pre-pare for trial. In this circumstance, the district court did not err in refusing to award Brown the additional level of reduction under § 3E1.1(b).

We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*