**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4022**
_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

EVAN FOREMAN,

Defendant – Appellant.


_____

**No. 13-4028**
_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MICHAEL FOREMAN,

Defendant – Appellant.


_____

Appeals from the United States District Court for the District
of Maryland, at Baltimore.   James K. Bredar, District Judge.
(1:11-cr-00398-JKB-3; 1:11-cr-00398-JKB-1)

_____

Argued:  January 29, 2014          Decided:  March 12, 2014
_____

Before MOTZ, KING, and DIAZ, Circuit Judges.
_____

Affirmed by unpublished opinion.  Judge Diaz wrote the opinion, in which Judge Motz and Judge King joined.

———————————

**ARGUED**: Amy Lee Copeland, ROUSE & COPELAND, LLC, Savannah, Georgia; Michael Scotland Morris, SIMMS SHOWERS, LLP, Baltimore, Maryland, for Appellants.  Benjamin M. Block, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.  **ON BRIEF**: Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

DIAZ, Circuit Judge:

Evan and Michael Foreman pleaded guilty to conspiracy to commit Hobbs Act robbery. Evan also pleaded guilty to possession of a firearm in furtherance of a crime of violence. The district court sentenced Evan to 294 months' imprisonment and Michael to 144 months' imprisonment. On appeal, they argue that the district court erred in failing to compel the government to move for an additional one-level reduction in their respective offense levels in recognition of their acceptance of responsibility under U.S. Sentencing Guideline § 3E1.1(b). Michael contends separately that the district court erred in sentencing him as a career offender under U.S.S.G. § 4B1.1. For the reasons that follow, we affirm.

I.

On August 3, 2011, a grand jury returned a fifteen-count indictment against Evan and Michael, charging them with multiple Hobbs Act robberies, conspiracy to commit Hobbs Act robbery, and bank larceny.[1] The indictment also charged Evan with possessing and brandishing a firearm in furtherance of a crime of violence. The district court set a trial date of October 17, 2011.

---

[1] Evan was originally charged by criminal complaint on June 20, 2011, and he made his initial appearance the same day.

The Foremans' initial plea negotiations with the government proved unfruitful. Over the course of the next year, a grand jury returned second and third superseding indictments against them, adding seven new counts and charging them with numerous additional robberies. In the meantime, the trial date was pushed back to September 10, 2012. On May 15, 2012, the district court conducted a pretrial hearing on the Foremans' numerous evidentiary and procedural motions. Trial was delayed a third time and set for November 26, 2012.

On May 30, 2012, Michael signed a written plea agreement with the government, wherein he agreed to plead guilty to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). Evan signed a written plea agreement on August 24, 2012, agreeing to plead guilty to conspiracy to commit Hobbs Act robbery and to possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Their respective plea hearings were held on July 2, 2012, and September 12, 2012.

A presentence investigation report ("PSR") was subsequently prepared for each defendant. The PSRs noted that each defendant had an adjusted offense level of 30, reflecting, among other things, a two-level reduction for acceptance of responsibility

4

under U.S.S.G. § 3E1.1(a) (2012).[2] According to the PSRs, the Foremans were also both career offenders, so they each had criminal history categories of VI. The resultant advisory Guidelines range for both Michael and Evan was 168 to 210 months' imprisonment. Evan faced an additional mandatory, consecutive 84-month sentence for his firearm offense under 18 U.S.C. § 924(c).

The district court conducted a joint sentencing hearing. Both Michael and Evan objected to not receiving an additional one-point reduction for their acceptance of responsibility under U.S.S.G. § 3E1.1(b). They also both objected to being sentenced as career offenders. The court overruled both objections as to each defendant.

The district court adopted the PSR's findings and recommendations with respect to Evan with only minor modification. After considering each of the 18 U.S.C. § 3553(a) factors, the court sentenced Evan at the top of the Guidelines range, to 210 months for his conspiracy conviction and 84 months

---

[2] We apply the 2012 version of the Guidelines, which was in effect at the time of the Foremans' sentencing. See United States v. Lewis, 606 F.3d 193, 198-99 (4th Cir. 2010); see also U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."). The 2013 version of the Guidelines Manual amends the commentary associated with U.S.S.G. § 3E1.1 but does not alter the text of that provision.

for the firearm offense, for a total of 294 months' imprisonment. The court noted that "even if the guidelines were to compute in such a way as to cause [Evan] to not be considered a career offender, and therefore the guideline range to be substantially lower . . . I would nonetheless impose . . . a total sentence[] of 294 months" under the § 3553(a) factors. J.A. 451.

With respect to Michael, the court accepted the PSR's findings, but determined that Michael's criminal history category overstated his criminal history. It therefore adjusted Michael's criminal history category to V, resulting in a revised Guidelines range of 151 to 188 months. It then sentenced Michael to the below-Guidelines sentence of 144 months' imprisonment. After thoroughly addressing the § 3553(a) factors, the court noted that it would sentence Michael to 144 months' imprisonment even if he were not a career offender.

The Foremans timely appealed their sentences.[3]

---

[3] The government has chosen not to enforce the Foremans' respective appellate waivers. Accordingly, we have no reason to reconsider our earlier denial of the government's motion to dismiss the appeal.

II.

We review criminal sentences for reasonableness. <u>Gall v. United States</u>, 552 U.S. 38, 46 (2007). Reasonableness review requires us to ensure that the district court "committed no significant procedural error," such as improperly calculating the Guidelines range. <u>Id.</u> at 51. "In assessing a challenge to a sentencing court's application of the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." <u>United States v. Alvarado Perez</u>, 609 F.3d 609, 612 (4th Cir. 2010) (internal quotation marks omitted).

A.

Section 3E1.1 of the Sentencing Guidelines authorizes certain offense-level reductions if a defendant accepts responsibility for his criminal conduct. Section 3E1.1(a) authorizes a two-level reduction "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." As noted above, both Foremans received this reduction. They take issue with the government's refusal to move for an additional one-level reduction under § 3E1.1(b), which provides:

> If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level <u>16</u> or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the

7

government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

The § 3E1.1(b) reduction should only be granted by the district court upon motion of the government, but a court may compel the government to file such a motion if it is withheld on improper grounds. See United States v. Divens, 650 F.3d 343, 350 (4th Cir. 2011). Here the district court declined to order the government to move for the reduction, finding that the purposes of § 3E1.1(b) were not fulfilled because "lots of resources had to be marshaled" with respect to the Foremans' case. J.A. 250.

We begin our analysis with the commentary accompanying § 3E1.1(b). See Stinson v. United States, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."). The commentary states that "the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case." U.S.S.G. § 3E1.1 cmt. n.6. We hardly think the Foremans' acceptance of responsibility came early in this case, as Michael pleaded guilty eleven months after he was indicted and four months before the scheduled trial date. Evan waited

8

fourteen months after he was first charged to plead guilty, just two months before trial.[4]

Despite this delay, the Foremans argue that they are nonetheless entitled to the reduction because they entered early plea negotiations and "would have pleaded guilty immediately" had they been able to reach an agreement with the government. Appellants' Br. at 16. But a mere willingness to engage in negotiations does not definitively signal a defendant's readiness to accept responsibility in the manner contemplated by the Guideline. Cf. Divens, 650 F.3d at 348 (noting that § 3E1.1(b) is concerned with the "timely entry" of a "plea of guilty," which "entails . . . an unqualified confession of guilt in open court" (internal quotation marks omitted)).[5]

The facts of this case make the distinction clear. As became evident at the sentencing hearing, the Foremans' plea negotiations with the government broke down because they were

---

[4] Even if we were to use the dates the Foremans signed their written plea agreements, rather than the dates of their formal plea hearings, we would still consider the delay too long.

[5] The government does not, of course, have unlimited discretion to withhold the motion. See Divens, 650 F.3d at 345-46. If a defendant were to clearly demonstrate a willingness to plead guilty to the government's satisfaction but, through no fault of the defendant's, was unable to plead guilty for some time, the government could not properly withhold a motion for the reduction simply because the defendant had not yet had a formal plea hearing.

unwilling to admit to the "full scope of the conspiracy as [the government] understood it." J.A. 251. The § 3E1.1(b) reduction is only appropriate when "a defendant has accepted responsibility in a way that ensures the certainty of his just punishment in a timely manner." U.S.S.G. § 3E1.1 cmt. background. The Foremans' willingness to enter plea negotiations may have signaled some readiness to accept responsibility, but we agree with the district court that the resulting guilty pleas were not sufficiently "timely" so as to warrant the additional one-level reduction under § 3E1.1(b).

In that regard, the Foremans' delay in entering their guilty pleas failed to save the government time or expense. The government filed successive motions to exclude time under the Speedy Trial Act in this case, in part because it needed more time to prepare motions, interview witnesses, review newly produced discovery, and otherwise prepare for trial. See J.A. 107, 123-24. We take the government at its word that, during the interim between the Foremans' indictment and their pleas, it was preparing for what it expected to be a complex, multi-week trial. See U.S.S.G. § 3E1.1 cmt. n.6 ("[T]he Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial . . . ."); see also Divens, 650 F.3d at 346 ("[T]he Government retains discretion to determine whether the defendant's

10

assistance has relieved it of preparing for trial."). Nor did the Foremans' negotiations permit the district court to conserve resources, as it held a full motions hearing in anticipation of their trial. If nothing else, the hearing demonstrates that significant resources needed to be marshaled in this case in contravention of the policy goals of § 3E1.1(b).

Contrary to the Foremans' assertions, Divens is not inconsistent with our conclusion that the defendants are not entitled to the § 3E1.1(b) reduction. The question in Divens was whether the government could withhold a § 3E1.1(b) motion because the defendant refused to sign a plea agreement containing an appellate waiver, even though he pleaded guilty to the charged offense without a plea agreement and signed a statement accepting responsibility. See 650 F.3d at 344. We held that the government could not withhold the reduction in that instance, because § 3E1.1(b) is concerned only with the preservation of trial resources--not the "'expense and uncertainty' attendant to an appeal." Id. at 348. We noted, however, that the government would be within its rights to withhold the reduction if there were a significant delay between the defendant's indictment and plea, thereby requiring the government to prepare for trial. See id. at 347 n.2; see also United States v. Brown, 26 F. App'x 151, 153 (4th Cir. 2001) (finding that a defendant who entered plea negotiations but did

11

not plead guilty until after jury selection was not entitled to the § 3E1.1(b) reduction).

Here, the government prepared for trial during the delay between the Foremans' indictment and the entry of their plea agreements. The fact that the defendants entered unsuccessful plea negotiations with the government throughout this period did not relieve the government of this burden. Accordingly, we hold that the district court correctly declined to compel the government to move for a one-level reduction for either Foreman under § 3E1.1(b).

B.

Michael Foreman argues separately that the district court erred when it sentenced him as a career offender pursuant to U.S.S.G. § 4B1.1. Under that provision, a defendant's criminal history category is automatically VI if, among other things, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

Michael argues that the predicate convictions the district court relied upon to sentence him as a career offender were not valid because he was not represented by counsel when he pleaded guilty to those offenses. To support his contention, Michael submitted the state court records associated with his convictions. He contends that the records are sufficient to

12

raise an inference that his convictions were constitutionally infirm, and that such a showing is sufficient to shift the burden of proof to the government to demonstrate that the convictions were, in fact, valid. The government responds that a defendant collaterally challenging a prior state conviction bears both the burden of production and persuasion, and that Michael has not carried his burden of persuasion.

This court has not clearly delineated the burden of proof a defendant bears when collaterally challenging a prior conviction for the purpose of contesting a career-offender classification. However, we do not believe this is the appropriate instance to do so, as it would require us to wade unnecessarily into constitutional waters. See Ashwander v. Tenn. Valley Auth., 297 U.S. 288, 341 (1936) (Brandeis, J., concurring); see also United States v. Martinez-Cruz, 736 F.3d 999, 1001-02 (D.C. Cir. 2013) (recognizing that the question of who bears the burden of proof when a defendant collaterally challenges a prior state conviction raises due process concerns). Rather, we summarily reject Michael's contention, as we are entitled to do, "because, even if we 'assume that an error occurred[, it] is harmless.'" United States v. Rivera-Santana, 668 F.3d 95, 102 (4th Cir. 2012) (quoting United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011)).

13

Although the district court found that Michael was a career offender, it reduced his criminal history category from VI to V, lowering his advisory Guidelines range from 168 to 210 months' imprisonment to 151 to 188 months. It then sentenced him below the Guidelines range, to 144 months' imprisonment. Although that sentence was higher than what Michael argued was appropriate,[6] we cannot say that the district court abused its discretion in imposing it.

The district court carefully went through the 18 U.S.C. § 3553(a) factors, identifying the reasons it would impose a 144-month sentence even if Michael was not properly classified as a career offender. Among those considerations, it noted that Michael had a prior conviction for armed robbery and had demonstrated a "pattern of criminality over a number of years." J.A. 478. It described the seriousness of Michael's present offense, including the "horrible harm" it inflicted on the victims. Id. The court also discussed the need for a sentence that would deter the defendant and protect the public. In light of this careful analysis, we are "entitled to affirm the

---

[6] Michael argues for the first time on appeal that his Guidelines range would be 51 to 63 months' imprisonment, which is even lower than what he suggested was appropriate at sentencing--77 to 96 months' imprisonment. Even if correct, that fact does not alter our assessment of the reasonableness of Michael's sentence.

14

sentence imposed . . . because any procedural error that may have been made . . . would necessarily be harmless." <u>Rivera-Santana</u>, 668 F.3d at 103; <u>see also</u> <u>Savillon-Matute</u>, 636 F.3d at 123 ("[I]t would make no sense to set aside [a] reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm." (internal quotation marks omitted)).

III.

For the reasons given, we affirm the district court's judgments.

<u>AFFIRMED</u>